1    MICAH NASH (SBN 246319)
     mnash@delawllp.com
2    DELAHUNTY & EDELMAN LLP
     4 Embarcadero Center, Suite 1400
3    San Francisco, CA 94111
     Tel:    (415) 891-6210
4    Fax:    (415) 891-6256

5    WILLIAM H. MANDIR (admitted *pro hac vice*)
     wmandir@sughrue.com
6    PETER PARK (admitted *pro hac vice*)
     ppark@sughrue.com
7    SUGHRUE MION PLLC
     2000 Pennsylvania Avenue, NW
8    Washington, DC 20006
     Tel:    (202) 293-7060
9    Fax:    (202) 293-7860

10   *Attorneys for Defendant*
     *AXXONSOFT US, INC.*

11
                    **UNITED STATES DISTRICT COURT**
12
                  **NORTHERN DISTRICT OF CALIFORNIA**
13
                          **OAKLAND DIVISION**
14

15
     KEPHART CONSULTING, LLC,                Case No. 24-cv-06770-KAW
16
                      Plaintiff,             *Honorable Kandis A. Westmore*
17
            v.
18                                           **DEFENDANT AXXONSOFT US,**
     AXXONSOFT US, INC.,                     **INC.'S RULE 12(B)(6) MOTION TO**
19                                           **DISMISS FOR FAILURE TO STATE**
                                             **A CLAIM**
                      Defendant.
20                                           **HEARING DATE: MAY 1, 2025**
21                                           **HEARING TIME: 1:30 PM**

22                                           **JURY TRIAL DEMANDED**

23

24

25

26

27

28

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on May 1, 2025 at 1:30 PM, or as soon thereafter as this matter may be heard, in the United States District Court, Oakland Courthouse, 1301 Clay Street, Oakland, CA 94612, Defendant Axxonsoft US, Inc. will and hereby does move the Court for an order dismissing the above-captioned action against the Priority Defendants for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, all pleadings, papers, and records on file in this action, and any oral argument and papers as may be presented at or before the time of adjudication of this Motion.

DATED: February 13, 2025            DELAHUNTY & EDELMAN LLP

By: */s/  Micah D. Nash*

MICAH D. NASH (SBN 246319)
mnash@delawllp.com
DELAHUNTY & EDELMAN LLP
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone:     415-891-6210
Facsimile:     415-891-6256

WILLIAM H. MANDIR (admitted *pro hac vice*)
wmandir@sughrue.com
PETER PARK (admitted *pro hac vice*)
ppark@sughrue.com
SUGHRUE MION PLLC
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 293-7060
Facsimile: (202) 293-7860

*Attorneys for Defendant*
*Axxonsoft US, Inc.*

1
2

**Table of Contents**

3
I.      Introduction...........................................................................................................1

4
II.     Failure to State a Claim .......................................................................................3

5
        A.     Pleading Requirements.............................................................................4

6
        B.     Law of Infringement.................................................................................5

7
        C.     Kephart's Complaint Has Not Plausibly Plead Its Theory of Indirect Infringement...6

8
        D.     The Complaint Has Not Plausibly Pleaded Joint Infringement .................8

9
III.    The '137 and '849 Patents are Invalid under 35 U.S.C. § 101 .........................9

10
        A.     *Alice* Step 1-the Asserted Patents Claim an Ineligible Abstract Idea .......11

11
        B.     *Alice* Step 2: The Asserted Patents Contain No Inventive Concept...........14

12
IV.     Conclusion .........................................................................................................15

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

# TABLE OF AUTHORITIES

3

**Cases**

4

*Acceleration Bay, LLC v. 2K Sports, Inc.*,
    15 F.4th 1069 (Fed. Cir. 2021) ............................................................................9

5

6

*AI Visualize, Inc. v. Nuance Communications, Inc.*,
    97 F.4th at 1371 (Fed. Cir. 2024) ......................................................................12

7

8

*Akamai v. Limelight Networks*,
    692 F.3d 1301 (Fed. Cir. 2012) ............................................................................8

9

*Alice Corp. Pty. Ltd v. CLS Bank Int'l*,
    573 U.S. 208 (2014)...............................................................9, 10, 11, 14, 15

10

11

*Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*,
    2022 U.S. Dist. LEXIS 38211 (E.D. Tex. Jan. 24, 2022)...................................5

12

13

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)...............................................................................................5

14

*Atlas Corp.*,
    189 F. Supp. 3d 768 (N.D. Ill., May 17, 2016)....................................................6

15

16

*BASCOM Global Internet Services, Inc. v. AT&T Mobility LLC*,  827 F.3d 1341 (Fed. Cir. 2016)
    ..........................................................................................................................11, 15

17

*Becton Dickinson & Co. v. C.R. Bard, Inc.*,
    922 F.2d 792 (Fed. Cir. 1990) ..............................................................................5

18

19

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)....................................................5

20

*Blue Spike, LLC v. Google, Inc.*,
    No. 14-cv-01650, 2015 U.S. Dist. LEXIS 119382 (N.D. Cal. Sept. 8, 2015), aff'd, 669 F.
    App'x. 575 (Fed. Cir. 2016), cert. denied, 582 U.S. 904 (2017).......................12

21

22

*BuySAFE, Inc. v. Google, Inc.*
    765 F.3d 1350 (Fed. Cir. 2014) ..........................................................................14

23

*Centillion Data Sys. LLC v. Qwest Commc'ns Int'l Inc.*,
    631 F.3d 1279 (Fed. Cir. 2011) ............................................................................9

24

25

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
    859 F.3d 1352 (Fed. Cir. 2017) ......................................................................9, 11

26

27

*Commil USA, LLC v. Cisco Sys., Inc.*,
    135 S. Ct. 1920 (2015)...........................................................................................6

28

*Conley v. Gibson*, 355 U.S. 41 (1957) ...................................................................4

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*,
    776 F.3d 1343 (Fed. Cir. 2014) ...............................................................9, 11

*DSU Med. Corp. v. JMS Co.,* 471 F.3d 1293 (Fed. Cir. 2006)..................................6, 7

*ElectricPower Group, LLC v. Alstom S.A.,* 830 F.3d 1350 (Fed. Cir. 2016) ........10, 12

*FacetoFace Biometrics, Inc. v. Apple, Inc.,*
    4:22 CV 429, 2023 U.S. Dist. LEXIS 45254 (E.D. Mo. Mar. 17, 2023) .........................14

*Fitbit Inc. v. AliphCom,*
    No.16-cv-00118, 2017 U.S. Dist. LEXIS 30721 (N.D. Cal. Mar. 2, 2017) ....................14

*Genetic Techs. Ltd. v. Merial LLC,*
    818 F.3d 1369 (Fed. Cir. 2016) ...........................................................................9

*Golden v. Qualcomm Inc.,*
    2023 U.S. App. LEXIS 26806 (Fed. Cir. 2023) ...................................................6

*Haley IP, LLC v. Motive Techs., Inc.,*
    No. 23-cv-02923, 2023 U.S. Dist. LEXIS 190048 (N.D. Cal. Oct. 23, 2023) .................12

*Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363.....................12

*Intellectual Ventures I LLC v. Motorola Mobility LLC,*
    870 F.3d 1320 (Fed. Cir. 2017) ...........................................................................5

*Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343 (Fed. Cir. 2015) .........10

*Kephart Consulting, LLC v. Clearview AI, Inc.*
    1:24-cv-07307-JGLC (S.D.N.Y.) ........................................................................1

*Kephart Consulting, LLC v. Digifort System, LLC,*
    9:24-cv-81436 (S.D. Fla.)....................................................................................2

*Kephart Consulting, LLC, v. Facefirst, Inc.,*
    7:24-cv-234-DC-DTG (W.D. Tex.).....................................................................2

*Lyda v. CBS Corp.,*
    838 F.3d 1331 (Fed. Cir. 2016) ...........................................................................8

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289 (2012)...........11

*Mobile Acuity Ltd. v. Blippar Ltd.,*
    110 F. 4th 1280 (Fed. Cir. 2024) ...............................................................11, 14

*Mortg. Grader, Inc. v. First Choice Loan Servs., Inc*., 811 F.3d 1314 (Fed. Cir. 2016).........10, 14

*Nalco Co. v. Chem-mod, LLC*,
    883 F.3d 1337 (Fed. Cir. 2018) .......................................................................... 6

*OI Techs., Inc. v. Amazon.com, Inc.*,
    788 F.3d 1359 (Fed. Cir. 2015) .......................................................................... 9

*Sonos, Inc. v. Google LLC*,
    591 F. Supp. 3d. 638 (N. D. Ca. 2022) ............................................................... 7

*Southwall Techs., Inc. v. Cardinal IG Co.*,
    54 F.3d 1570 (Fed. Cir. 1995)) .......................................................................... 6

*Synchronoss Techs., Inv. v. Dropbox, Inc.*,
    987 F.3d 1358 (Fed. Cir. 2021) .......................................................................... 9

*Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355 (Fed. Cir. 2023) ................................... 10

*Warsaw Orthopedic, Inc. v. NuVasive, Inc.*,
    824 F.3d 1344 (Fed. Cir. 2016); .......................................................................... 6

*Wi-LAN, Inc. v. Apple Inc.*,
    811 F.3d 455 (Fed. Cir. 2016) .......................................................................... 6

**Statutes**

35 U.S.C. § 101 ................................................................................ 1, 2, 3, 9, 10, 11, 15

35 U.S.C. § 271 ................................................................................ 5, 6, 7

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) ................................................................................ 3, 4, 15

Fed. R. Civ. P. 12(b)(6) ................................................................................ 1, 5, 8, 9, 15

1    **I.     STATEMENT OF ISSUES TO BE DECIDED**

2        1.   Does the Complaint satisfy the requirements of Rule 8(a)(2) for indirect infringement (35

3             U.S.C. § 271(b)-(c)) when it fails to include allegations that AxxonSoft had prior

4             knowledge of the two patents-in-suit?

5        2.   Does the Complaint satisfy the requirements of Rule 8(a)(2) for joint infringement when it

6             fails to include allegations as to how the acts of AxxonSoft's software customer and the

7             acts of the end user are attributable to AxxonSoft?

8        3.   Are the asserted patents valid under 35 U.S.C. § 101 when they are directed to an abstract

9             idea without any inventive concept?

10   **II.    INTRODUCTION**

11       Defendant AxxonSoft U.S. ("AxxonSoft" or "Defendant") respectfully moves this Court

12   pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an Order dismissing

13   Plaintiff Kephart Consulting, LLC's ("Kephart" or "Plaintiff") Complaint.  See Dkt. No. 1

14   ("Complaint").

15       The Complaint was filed on September 26, 2024, and accuses AxxonSoft of infringing

16   U.S. Patent No. 10,796,137, Dkt. No.1-1(Ex. A), and U.S. Patent No. 10,248,849, Dkt. No. 1-3

17   (Ex. C).  U.S. Patent No. 10,796,137 ("the '137 patent") is a continuation of 10,248,849 ("the

18   '849 patent"), and therefore the patents share a common specification.  Both patents describe and

19   claim a security system or method including transmitting a captured image for comparison to a

20   database containing images of persons of interest, and alerting law enforcement or security

21   personnel if the comparison results in a match.  Complaint at ¶¶ 7, 15.

22       Kephart has filed several other lawsuits alleging infringement of the same two patents.

23   Complaint at ¶¶ 22-27.  In addition, there are at least three other pending lawsuits filed by

24   Kephart that involve one or both of the patents asserted here.  In each of those cases, the

25   corresponding defendant has filed a motion to dismiss on the same grounds presented in this

26   motion, i.e. no plausible pleading of prior knowledge of the patents, no plausible pleading of joint

27   infringement, and the patents are invalid under 35 U.S.C. § 101 for reciting ineligible abstract

28   ideas.  *See*, *Kephart Consulting, LLC v. Clearview AI, Inc.* 1:24-cv-07307-JGLC (S.D.N.Y.);

1    *Kephart Consulting, LLC, v. Facefirst, Inc.*, 7:24-cv-234-DC-DTG (W.D. Tex.); and *Kephart*

2    *Consulting, LLC v. Digifort System, LLC*, 9:24-cv-81436 (S.D. Fla.)[1].

3          The infringement allegations contained in the Complaint are unfounded, insufficiently

4    pled and at bottom, demonstrate no infringement and invalidity.  The allegations do not satisfy the

5    requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure and thus fail to state any

6    claim upon which relief can be granted.

7          In order adequately to plead patent infringement, Kephart is required to present sufficient

8    factual allegations from which this Court can plausibly infer that an accused product includes the

9    limitations in at least one asserted patent claim.  This notice pleading is not necessarily a high bar

10   to satisfy, but the Complaint falls well short of even this minimum standard.

11         For example, the Complaint is based on a theory of indirect infringement, which requires

12   as a threshold matter prior knowledge of the asserted patents. The Complaint itself, however,

13   demonstrates that Kephart has no evidence of such prior knowledge, as it instead requests

14   discovery on this knowledge issue.  Complaint at pp. 10-11.

15         The Complaint is also deficient because it fails to allege the requirements of joint

16   infringement.  Each claim of the asserted patents expressly requires at least two actors to infringe.

17   In order to prove infringement in such a situation, i.e., where multiple actors are involved,

18   Kephart must show that the acts of one party are attributable to the other such that a single entity

19   is responsible for the infringement.  The Complaint is deficient as it fails to plead joint

20   infringement, even generally, and should be dismissed.

21         The Complaint should also be dismissed because the patent claims are directed to an

22   abstract idea without an inventive concept.  The claims are directed to high level of generality that

23   employ general result oriented functional language and that can be performed in the human mind

24   and/or by a human-controlled series of routine physical acts. The asserted patents therefore recite

25   ineligible subject matter under 35 U.S.C. § 101, which is another independent basis for dismissal.

26

27

28   [1] AxxonSoft is not aware of any decisions to date in these three other pending motions to dismiss.

In sum, Kephart has failed to meet its most basic responsibilities for initiating a patent infringement case pursuant to Fed. R. Civ. P. 8(a)(2).  In addition, the patents are invalid as a matter of law under 35 U.S.C. § 101 for reciting ineligible subject matter.  AxxonSoft accordingly requests the Court to grant this motion to dismiss.  And because these deficiencies cannot be cured, the dismissal should be without leave to amend.

## III.    STATEMENT OF RELEVANT FACTS

### *Indirect Infringement*

The Complaint (Dkt. No. 1) accuses AxxonSoft of infringing U.S. Patent No. 10,796,137, Dkt. No.1-1(Ex. A), and U.S. Patent No. 10,248,849, Dkt. No. 1-3 (Ex. C).  U.S. Patent No. 10,796,137 ("the '137 patent") is a continuation of 10,248,849 ("the '849 patent").  Dkt. No.1-1(Ex. A) at p. 2.  Both patents describe and claim a security system or method including transmitting a captured image for comparison to a database containing images of persons of interest, and alerting law enforcement or security personnel if the comparison results in a match.  Complaint at ¶¶ 7, 15.  For independent claims 1 and 12 of the '137 patent, the Complaint alleges that claim elements [1F] and [12E] are controlled "by a first party Axxon PSIM customer" and "by a second party (end customer)."  Complaint at ¶10; Dkt. 1-2(Ex. B) at 10, 18.  For independent claim 1 of the '849 patent, the Complaint alleges that claim step [1E] is also controlled "by a first party Axxon PSIM customer" and "by a second party (end customer)."  Complaint at ¶19; Dkt. 1-4(Ex. D) at 10.

The Complaint contains no pleading that AxxonSoft had prior knowledge of the '137 and '849 patents; instead, the Complaint's PRAYER OF RELIEF section requests discovery from AxxonSoft about any prior knowledge of the patents.  Complaint at 10-11.

### *Joint Infringement*

AxxonSoft is a software development company that sells back-end software (the accused Axxon PSIM software module) to customers who then install the software in a security system for sale to end-users.  Dkt. 1-2(Ex. B) at 2, 10 and 19; Dkt. 1-4(Ex. D) at 10.  The Complaint alleges that the '137 and '849 patent claims are infringed because of the participation of three separate parties, (i) AxxonSoft, (ii) AxxonSoft's customer, and (iii) the end-user.  Specifically, the

1    Complaint alleges that claim elements [1F] and [12E] of the '137 patent are satisfied by the

2    participation of "a first party Axxon PSIM customer" and "by a second party (end customer)."

3    Complaint at ¶10; Dkt. 1-2(Ex. B) at 9, 18.  The Complaint also alleges that claim step [1E] of the

4    '849 patent is satisfied by the participation of "a first party Axxon PSIM customer" and "by a

5    second party (end customer)." Complaint at ¶19; Dkt. 1-4(Ex. D) at 10.

6        The Complaint contains no allegations explaining why the actions of AxxonSoft's

7    customer and the end-user are somehow attributable to AxxonSoft. Complaint.

8        ***Ineligible Abstract Idea***

9        The '137 and '849 patents (reproduced below) share a common specification and claim

10   similar subject matter directed to comparing a captured photographic image to images of persons

11   of interest, and alerting law enforcement if the comparison results in a detected match.  Complaint

12   at ¶¶ 7, 15.  Claim 12 of the '137 patent is representative of the patented subject matter of both

13   asserted patents.  Dkt. 1-1 (Ex. A) at 19:1-22.  Representative claim 12 is directed to functions at

14   a high level of generality that define an abstract idea as the claim does not recite how the captured

15   image is transmitted, how the facial recognition is performed, how the database of images is

16   organized or searched to detect a likely match, or how the alert is provided or transmitted to the

17   law enforcement officers or security personnel.  Dkt. 1-1 (Ex. A) at 19:1-22.

18       Representative claim 12 can be performed in the human mind and/or by human-controlled

19   physical acts.  Motion at pp. 13-14.  Representative claim 12 recites two structural elements: a

20   generic camera for capturing a photographic image and a generic database for storing images.

21   Dkt. 1-1 (Ex. A) at 19:1-22

22   **IV.    FAILURE TO STATE A CLAIM**

23       **A.    Pleading Requirements**

24       Under Rule 8(a), a complaint must plead facts sufficient to "show that the pleader is

25   entitled to relief." Fed. R. Civ. P. 8(a)(2).  The purpose of this rule is to ensure that the plaintiff

26   "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

27   rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The Supreme Court has held that "a plaintiff's

28   obligation to provide the 'grounds' of his 'entitle[ment] to relief'" under Rule 8(a) "requires more

1    than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

2    not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, "[t]o survive a

3    motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

4    claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

5    *Twombly*, 550 U.S. at 570). Facial plausibility exists only if "the plaintiff pleads factual content

6    that allows the court to draw the reasonable inference that the defendant is liable for the

7    misconduct alleged." *Id*. Dismissal under Rule 12(b)(6) is thus appropriate if the factual

8    allegations do not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-

9    56.

10    When weighing a Rule 12(b)(6) motion to dismiss, only well-pleaded facts alleged in the

11    complaint are to be considered. "Threadbare recitals of the elements of a cause of action,

12    supported by mere conclusory statements, do not suffice," because "the tenet that a court must

13    accept as true all of the allegations in a complaint is inapplicable to legal conclusions." *Iqbal*, 556

14    U.S. at 678. Therefore, "only a complaint that states a plausible claim for relief survives a motion

15    to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere

16    possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader

17    is entitled to relief.'" *Id*. at 679.

18    **B.    Law of Infringement**

19    A patentee may record damages from an infringer for direct and indirect infringement. 35

20    U.S.C. § 271. Direct infringement occurs when an infringer practices every element or step of a

21    patent claim. *Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1333-1334

22    (Fed. Cir. 2017); *see also* 35 U.S.C. § 271(a). "To state a claim for direct infringement, a plaintiff

23    must explicitly plead facts to plausibly support the assertion that a defendant without authority

24    makes, uses, offers to sell, or sells any patented invention during the term of the patent" *Arigna*

25    *Tech. Ltd. v. Bayerische Motoren Werke AG*, 2022 U.S. Dist. LEXIS 38211, *6-7 (E.D. Tex. Jan.

26    24, 2022) (internal quotation marks and citations omitted). "To establish infringement of a

27    patent, every limitation set forth in a claim must be found in an accused product or process

28    exactly or by a substantial equivalent." *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792,

796 (Fed. Cir. 1990). "Regarding patent infringement, although a plaintiff need not prove its case at the pleading stage . . ., it cannot assert a plausible claim for infringement under the Iqbal/Twombly standard by reciting the claim elements and merely concluding that the accused product has those elements." *Golden v. Qualcomm Inc.*, 2023 U.S. App. LEXIS 26806, *2-3 (Fed. Cir. 2023) (internal quotation marks and citations omitted). "[F]actual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement[.]" *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill., May 17, 2016), *citing Wi-LAN, Inc. v. Apple Inc.*, 811 F.3d 455, 463 (Fed. Cir. 2016) and *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995)).

Indirect infringement occurs when an infringer does not practice each and every element of a claim but has knowledge of the patent and either (1) actively induces or (2) contributes to the infringement of a third party. 35 U.S.C. § 271(b)-(c). Induced infringement requires (1) knowledge of the infringed patent; and (2) intentionally aiding and abetting a third party to infringe. 35 U.S.C. § 271(b); *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344 (Fed. Cir. 2016); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006)("to establish liability under section 271(b), a patent holder must prove that once the defendants knew of the patent, they actively and knowingly aided and abetted another direct infringement.")(internal quotation marks and citations omitted). Contributory infringement requires (1) knowledge of the infringed patent; (2) providing to a third party a material component of an infringing article, and (3) that the component is especially made or adapted for use in such infringing article. 35 U.S.C. § 271(c); *Nalco Co. v. Chem-mod, LLC*, 883 F.3d 1337, 1356 (Fed. Cir. 2018) ("[C]ontributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." quoting *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015)).

## C.    Kephart's Complaint Has Not Plausibly Plead Its Theory of Indirect Infringement

The Complaint alleges that certain elements or steps in every claim of the '137 and the '849 patents are performed by actors other than AxxonSoft. For example, in each of the independent claims 1 and 12 of the '137 patent, the Complaint alleges that claim elements [1F]

and [12E] are controlled "by a first party Axxon PSIM customer" and "by a second party (end customer)." Complaint at ¶10; Dkt. 1-2(Ex. B) at 10, 18.[2]  Similarly, for the sole independent claim 1 of the '849 patent, the Complaint alleges that claim step [1E] is also controlled "by a first party Axxon PSIM customer" and "by a second party (end customer)." Complaint at ¶19; Dkt. 1-4(Ex. D) at 10.  Since Kephart's infringement allegations indicate that an actor other than AxxonSoft performs certain claim requirements, its theory is necessarily based on indirect infringement.  35 U.S.C. § 271(b)-(c); *DSU Med. Corp.* 471 F.3d at 1305; *Nalco Co.* 883 F.3d at 1356.[3]

The above authority demonstrates that a threshold requirement of indirect infringement, whether induced or contributory, is knowledge of the asserted patents.  The Complaint does not allege that AxxonSoft had any knowledge of the '137 or '849 patent prior to this lawsuit.  Moreover, Kephart cannot rely on the filing of the Complaint itself as satisfying the knowledge requirement of indirect infringement.  *See, Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 648 (N. D. Ca. 2022)("…the complaint will generally not be adequate to serve as notice of either willful or indirect infringement.").  Kephart apparently recognizes this pleading deficiency, as the Complaint's PRAYER OF RELIEF section requests discovery from AxxonSoft about any prior knowledge of the patents.  Complaint at 10-11.

The Complaint fails to plead facts sufficient to satisfy the knowledge requirement of indirect infringement, and since Kephart's theory of infringement is based on indirect infringement, the Complaint should be dismissed.  Moreover, since Kephart will not be able to show that AxxonSoft had prior knowledge of either the '137 or '849 patent, any attempt to amend

---

[2]  All citations to Complaint Exhibits use the Court's Docket Entry pagination as opposed to the Exhibit pagination.

[3] The Complaint specifically alleges infringement of induced and contributory infringement (Complaint, ¶¶ 11, 19 and 12, 20), and makes "passing" references to direct infringement (Complaint, ¶¶13, 21).  These references to direct infringement are nothing more than conclusory statements and as such should not be considered.  Moreover, the Complaint specifically indicates that "[s]upport for the allegations of infringement" may be found in Exhibits B and D (Complaint at ¶¶10, 18), which allege that actors other than AxxonSoft perform certain claim elements. Dkt. 1-2(Ex. B) at 18; Dkt. 1-4(Ex. D) at 9.  This necessarily means Kephart's theory of infringement is based on indirect infringement.

1    the Complaint would be futile.  The Complaint should therefore be dismissed without leave to

2    amend.

3              **D.       The Complaint Has Not Plausibly Pleaded Joint Infringement**

4              Joint infringement (also known as divided infringement) is the situation where multiple

5    actors are involved in practicing the claimed invention.  To prove joint infringement, "the patent

6    owner must show that the acts of one party are attributable to the other such that a single entity is

7    responsible for the infringement."  *Lyda v. CBS Corp.*, 838 F.3d 1331, 1338 (Fed. Cir. 2016); *see*

8    *also*, *Akamai v. Limelight Networks*, 692 F.3d 1301 (Fed. Cir. 2012).  In order to defeat a Rule

9    12(b)(6) motion based on joint infringement, the Complaint must plausibly allege that one party

10   exercised the requisite direction or control over the performance of others such that performance

11   of every claim element is attributable to that one party.  *Lyda*, 838 F.3d at 1337-1340.

12             The Complaint alleges that the '137 and '849 patent claims are infringed because of the

13   participation of three separate parties, (i) AxxonSoft, (ii) AxxonSoft's customer, and (iii) the end-

14   user.  Specifically, the Complaint alleges that claim elements [1F] and [12E] of the '137 patent

15   are satisfied by the participation of "a first party Axxon PSIM customer" and "by a second party

16   (end customer)."  Complaint at ¶10; Dkt. 1-2(Ex. B) at 9, 18.  Similarly, the Complaint alleges

17   that claim step [1E] of the '849 patent is satisfied by the participation of "a first party Axxon

18   PSIM customer" and "by a second party (end customer)."  Complaint at ¶19; Dkt. 1-4(Ex. D) at

19   10.  Accordingly, in order for Kephart plausibly to plead joint infringement, the Complaint must

20   contain allegations indicating how the actions of AxxonSoft's customer and the actions of the

21   end-user are somehow attributable to AxxonSoft.  The Complaint, however, contains no

22   allegations relating to joint infringement, even generally, let alone allegations explaining why the

23   actions of AxxonSoft's customer and the end-user are somehow attributable to AxxonSoft.

24             The Complaint recognizes that AxxonSoft is a software development company that sells

25   back-end software (the accused Axxon PSIM software module) to customers who then install the

26   software in a security system for sale to end-users.  Dkt. 1-2(Ex. B) at 2, 10 and 19; Dkt. 1-4(Ex.

27   D) at 10.  The Federal Circuit has repeatedly recognized that the act of selling software to a

28   customer who installs the software with hardware to complete the claimed invention does not

qualify as joint infringement. *Centillion Data Sys. LLC v. Qwest Commc'ns Int'l Inc.*, 631 F.3d 1279, 1286-87 (Fed. Cir. 2011) ("[A company that provides] back-end processing elements [never] uses the entire claimed system [and] . . .it is entirely the decision of the customer whether to install and operate this software.") (internal quotation marks omitted); *Acceleration Bay, LLC v. 2K Sports, Inc.*, 15 F.4th 1069, 1078 (Fed. Cir. 2021) (finding no infringement based on a theory of joint infringement because the customers, not the defendant, completed the system by providing hardware and installing the software); *Synchronoss Techs., Inv. v. Dropbox, Inc.*, 987 F.3d 1358 (Fed. Cir. 2021)(finding no infringement by the defendants because they did not provide the customers with the required hardware such that it would constitute the complete invention). These cases establish that AxxonSoft's sales of the accused Axxon PSIM software, without any related hardware, to its customers cannot, as a matter of law, qualify as joint infringement.

The Complaint should be dismissed because it fails to allege any case of joint infringement, let alone a plausible one. And because AxxonSoft's sales of its software cannot qualify as joint infringement, any attempt to amend the Complaint would be futile. The Complaint should therefore be dismissed without leave to amend for this independent reason.

**V.     THE '137 AND '849 PATENTS ARE INVALID UNDER 35 U.S.C. § 101**

The issue of patent eligibility under 35 U.S.C. § 101 is properly decided in connection with a Rule 12(b)(6) motion. *OI Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015); *Content Extraction & Transmission LLC v. Wells Fargo Bank*, Nat'l Ass'n, 776 F.3d 1343, 1351 (Fed. Cir. 2014); *Genetic Techs. Ltd. v. Merial LLC*, 818 F.3d 1369, 1373 (Fed. Cir. 2016); *Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017) ("[W]e have repeatedly affirmed § 101 rejections at the motion to dismiss stage, before claim construction or significant discovery has commenced.").

Under Section 101 of the Patent Act, "[w]hoever invents or discovers any new and useful process, machine, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101. The Supreme Court, however, has long held that this scope of patentable subject matter

1  does not extend to "laws of nature, natural phenomena, and abstract ideas." *Alice Corp. Pty. Ltd*

2  *v. CLS Bank Int'l*, 573 U.S. 208 (2014).  In *Alice*, the Court articulated a two-step test to

3  determine whether a claim is directed to a patent ineligible concept under 35 U.S.C. § 101.

4      First, the court must "determine whether the claims at issue are directed to a patent-

5  ineligible concept" such as an abstract idea, law of nature, or natural phenomenon. *Id*. Second, if

6  the claims are directed to a patent-ineligible concept, the Court must "consider the elements of

7  each claim both individually and as an ordered combination to determine whether the additional

8  elements transform the nature of the claim into a patent eligible application." *Id*. at 217 (internal

9  quotation marks omitted).

10     The first *Alice* step is to "determine whether the claims at issue are directed to one of

11  those patent-ineligible concepts." *Id.* at 217.  In this step, "the claims are considered in their

12  entirety to ascertain whether their character as a whole is directed to excluded subject matter."

13  *Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1346 (Fed. Cir. 2015). "A telltale

14  sign of abstraction is when the claimed functions are mental process that can be performed in the

15  mind." *Trinity Info Media, LLC v. Covalent, Inc.*, 72 F.4th 1355, 1361-62 (Fed. Cir. 2023)

16  (internal quotation marks and citations omitted).  *Mortg. Grader, Inc. v. First Choice Loan Servs.*,

17  Inc., 811 F.3d 1314, 1324 (Fed. Cir. 2016) (indicating ideas that could "be performed by humans

18  without a computer" are abstract and not eligible for patent protection). Thus, the process of

19  analyzing information by steps people go through in their minds is an abstract-idea and not

20  eligible for patent protection.  For example, *ElectricPower Group, LLC v. Alstom S.A.*, 830 F.3d

21  1350 (Fed. Cir. 2016), held that a patent reciting "collecting information, analyzing it, and

22  displaying certain results of the collection and analysis" claimed an ineligible abstract idea.  *Id*. at

23  1353-1354.

24     In the second *Alice* step, the court "consider[s] the elements of each claim both

25  individually and as an ordered combination to determine whether the additional elements

26  transform the nature of the claim into a patent-eligible application."  *Alice*, 573 U.S. at 217.  In

27  other words, the claims must disclose an "inventive concept" that is "sufficient to ensure that the

28  patent in practice amounts to significantly more than a patent upon the ineligible concept itself."

*Id*. at 217-18.  Simply implementing an abstract idea using conventional technology does not render the idea patentable. *Id*. at 222.  The alleged inventive concept must be more than "well-understood, routine, conventional activity," *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1298 (2012); and "cannot simply be an instruction to implement or apply the abstract idea on a computer."  *BASCOM Global Internet Services, Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1349 (Fed. Cir. 2016).

The '137 and '849 patents are invalid under 35 U.S.C. § 101 as being directed to ineligible subject matter because they claim an abstract idea without reciting an inventive concept.

**A. *Alice* Step 1-the Asserted Patents Claim an Ineligible Abstract Idea**

Both patents describe and claim a security system or method including transmitting a captured photographic image for comparison to a database containing images of persons of interest, and alerting law enforcement or security personnel if the comparison results in a match. Complaint at ¶¶ 7, 15.

Claim 12 of the '137 patent (reproduced below) is representative of the patented subject matter of both patents:[4]

12. A method for providing security, the method comprising:

receiving a photographic image captured by at least one camera of a person in view of the at least one camera;

transmitting the captured photographic image of the person in view of the at least one camera for a process to be performed for comparing the captured photographic image of the person in view of the at least one camera to facial images of persons of interest included in a database to detect a likely match;

receiving an alert that the person in view of the at least one camera is a person of interest in response to a detection of the likely match between the captured photographic image of the person in view of the at least one camera and a facial image of the person of interest; and

alerting at least one of one or more law enforcement officers or one or more

---

[4] A representative claim may be used for purposes of analyzing a challenge under 35 U.S.C. § 101 when the asserted claims are "substantially similar and linked to the same" ineligible concept. *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F. 4th 1280, 1290 (Fed. Cir. 2024) (quoting *Cleveland Clinic*, 859 F.3d at 1360; and citing *Content Extraction & Transmission*, 776 F.3d at 1348.  This is the case here as the '137 and '849 patents share a common specification and claim similar subject matter directed to comparing a captured photographic image to images of persons of interest, and alerting law enforcement if the comparison results in a detected match.

security personnel of the detection of the likely match between the captured photographic image of the person in view of the at least one camera and the facial image of the person of interest, wherein the at least one camera is controlled by a first party and the database is controlled by a second party.

Dkt. 1-1 (Ex. A) at 19:1-22.

Representative claim 12 consists "solely of result oriented functional language and omit any specific requirements as to how" the various steps "are performed." Mobile Acuity, 110 F.4th at 1292. For example, the claim provides no details as to how the captured image is transmitted, how the facial recognition is performed, how the database of images is organized or searched to detect a likely match, or how the alert is provided or transmitted to the law enforcement officers or security personnel. The claim is thus directed to functions at a high level of generality that define an abstract idea. *Id*. at 1292-93, *citing, inter alia, AI Visualize, Inc. v. Nuance Communications, Inc.*, 97 F.4th at 1371, 1378 (Fed. Cir. 2024) ("We have explained that the steps of obtaining, manipulating, and displaying data, particularly when claimed at a high level of generality, are abstract concepts.").

The concept claimed in the asserted patents of determining whether one photographic image matches another image is a concept this Court has previously found to be abstract and patent ineligible. *See, Haley IP, LLC v. Motive Techs., Inc.*, No. 23-cv-02923, 2023 U.S. Dist. LEXIS 190048, *5-6 (N.D. Cal. Oct. 23, 2023) (taking photographs of automobile drivers and using facial recognition to identify them is an abstract idea); *Blue Spike, LLC v. Google, Inc.*, No. 14-cv-01650, 2015 U.S. Dist. LEXIS 119382 (N.D. Cal. Sept. 8, 2015), aff'd, 669 F. App'x. 575 (Fed. Cir. 2016), cert. denied, 582 U.S. 904 (2017)(a group of patents directed to the abstract idea of using computers to "determin[e] whether one piece of content—e.g., a picture, a song, or a video—matches another, or the extent to which they are similar" held to be unpatentable). *Id*. at *2.

Kephart cannot rely on the fact that representative claim 12 is limited to the field of security, as such a field use does not make the claim any less abstract. *Electric Power Group*, 830 F.3d at 1354; *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1367

("An abstract idea does not become non-abstract by limiting the invention to a particular field of use or technological environment.").

The fact that the recited steps of representative claim 12 can all be performed in the human mind and/or by a human-controlled series of physical acts also demonstrates that the claim amounts to nothing more than an abstract idea. For example, claim 12 can be analogized to the scenario in which an eyewitness to a crime attempts to identify the perpetrator from memory by viewing a photo lineup of mug shots showing suspects and persons of interest. This analogy is depicted in the table below.

| Representative Claim 12 of the '137 Patent | Routine Steps Performed when Identifying a Person of Interest From a Photo Lineup of Mug Shots |
| --- | --- |
| A method for providing security, the method comprising<br> receiving a photographic image captured by at least one camera of a person in view of the at least one camera; | Ms. Jones is an eyewitness to a crime. She saw the perpetrator's face and would recognize the perpetrator from memory if she saw him again. |
|  transmitting the captured photographic image of the person in view of the at least one camera for a process to be performed for comparing the captured photographic image of the person in view of the at least one camera to facial images of persons of interest included in a database to detect a likely match; | Ms. Jones goes to the police station and reports what she saw to a Police Officer. The Police Officer compiles a photo lineup of mug shots of persons of interest or suspects that the Police Officer thinks might have committed the crime. |
|  receiving an alert that the person in view of the at least one camera is a person of interest in response to a detection of the likely match between the captured photographic image of the person in view of the at least one camera and a facial image of the person of interest; and | Ms. Jones views the photo lineup of mug shots of persons of interest to determine if she can identify ("likely match") anyone from the photo lineup as the perpetrator. |
|  alerting at least one of one or more law enforcement officers or one or more security personnel of the detection of the likely match between the captured photographic image of the person in view of the at least one camera and the facial image of the person of interest, | Ms. Jones recognizes one of the mugs shots as the perpetrator of the crime, and points out the mug shot of the perpetrator of the crime (alerting law enforcement). |
|  wherein the at least one camera is controlled by a first party and the database is controlled by a second party. | Ms. Jones is the eyewitness and is able to recognize the perpetrator from memory (first party). The Police controls the photo lineup of mug shot photos (second party). |

1    The above example illustrates that the concept claimed in the asserted '137 and '849

2    patents can be performed in the human mind and/or by human controlled physical acts, and

3    therefore is directed to an abstract idea.  *Mortg. Grader, Inc. v. First Choice Loan Servs., Inc.*,

4    811 F.3d 1314, 1324 (Fed. Cir. 2016) (indicating ideas that could "be performed by humans

5    without a computer" are abstract and not eligible for patent protection); *BuySAFE, Inc. v. Google,

6    Inc.*, 765 F.3d 1350, 1353 (Fed. Cir. 2014) (indicating section 101 also excludes the subject

7    matter of certain claims that by their terms read on "a human-controlled series of physical

8    acts…").

9    Step one of Alice shows that the concept claimed in the asserted patents is an abstract

10   idea.  Step two of Alice is now applied to determine whether any additional elements transform

11   the nature of the claim into a patent-eligible application.

12   **A.    *Alice* Step 2: The Asserted Patents Contain No Inventive Concept**

13   Representative claim 12 recites two structural elements, a generic camera for capturing a

14   photographic image and a generic database for storing images.  These individual elements are

15   well known, routine and conventional, and therefore do not render an otherwise abstract idea

16   patent eligible.  *FacetoFace Biometrics, Inc. v. Apple, Inc.*, 4:22 CV 429, 2023 U.S. Dist. LEXIS

17   45254, *21-24 (E.D. Mo. Mar. 17, 2023)("sharing facial expressions by collecting and

18   transmitting a particular type of data using conventional cameras, computers, and digital

19   messages" is an abstract idea); *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F. 4th 1280, 1293 (Fed.

20   Cir. 2024) ("[Claims reciting] generalized steps of collecting, analyzing, and presenting

21   information, using nothing other than the conventional operations of generic computer

22   components, are directed to abstract ideas."); *Fitbit Inc. v. AliphCom*, No.16-cv-00118, 2017 U.S.

23   Dist. LEXIS 30721 at *49 (N.D. Cal. Mar. 2, 2017) (finding claims lacked inventive concept

24   where they recited "generic, black-box computing functions" such as "receiving," "processing,"

25   and "comparing" without requiring "a new source or type of information, or new techniques for

26   analyzing it").  Moreover, the ordered combination of the claim features are nothing more than

27   the basic steps required to capture a photographic image, compare the captured image to a

28   database of images to determine if a likely match is detected.  These steps fail to satisfy an

1  inventive concept at step two of *Alice* as they are just routine operations to implement or apply

2  the abstract idea itself.  *BASCOM*, 827 F.3d at 1349.

3        *Alice* step 2 demonstrates that representative claim 12 recites conventional and generic

4  components and routine operations, which are insufficient to transform an otherwise abstract idea

5  into patentable subject matter.  The asserted '137 and '849 patents are therefore invalid under 35

6  U.S.C. § 101 as reciting an ineligible abstract idea.

7  **VI.    <u>CONCLUSION</u>**

8        For the foregoing reasons, AxxonSoft respectfully requests that the Court dismiss the

9  Complaint pursuant to Rules 12(b)(6) and 8(a)(2) of the Federal Rules of Civil Procedure, for

10  failure to state any claim upon which relief can be granted.

11        Moreover, because the deficiencies attendant the Complaint cannot be cured by

12  amendment, leave to amend would be futile, and should not be granted.

13

14  DATED: February 13, 2025                    DELAHUNTY & EDELMAN LLP

15

16                                              By: <u>/s/  Micah D. Nash</u>

17                                              MICAH D. NASH (SBN 246319)
                                                mnash@delawllp.com
18                                              DELAHUNTY & EDELMAN LLP
                                                4 Embarcadero Center, Suite 1400
19                                              San Francisco, CA 94111
                                                Telephone:    415-891-6210
20                                              Facsimile:    415-891-6256

21                                              WILLIAM H. MANDIR (admitted *pro hac vice*)
                                                wmandir@sughrue.com
22                                              PETER PARK (admitted *pro hac vice*)
                                                ppark@sughrue.com
23                                              SUGHRUE MION PLLC
                                                2000 Pennsylvania Avenue, NW
24                                              Washington, DC 20006
                                                Telephone: (202) 293-7060
25                                              Facsimile: (202) 293-7860

26                                              *Attorneys for Defendant*
                                                *Axxonsoft US, Inc.*
27

28