Jennifer L. Ishimoto (SBN 211845)
Banie & Ishimoto LLP
2100 Geng Road, Ste 210
Palo Alto, CA 94303
408-981-9472
Email: ishimoto@banishlaw.com

William P. Ramey, III *(pro hac vice)*
Ramey LLP
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923
wramey@rameyfirm.com

*Attorneys for Plaintiff*
Kephart Consulting, LLC

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| KEPHART CONSULTING, LLC,<br><br>                                Plaintiff,<br><br>     v.<br><br>AXXONSOFT US, INC.,<br><br>                                Defendant. | Case No.: 5:24-cv-06770-KAW<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(35 U.S.C. § 271)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Kephart Consulting, LLC ("Kephart") files this First Amended Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 8,792,137 ("the '677 patent") and, U.S. Patent No. 10,248,849 ("the '849 patent") (referred to as the "Patents-in-Suit") by AxxonSoft US, Inc., ("Defendant" or "Axxon"). This amended complaint is filed within 21 days of Defendant's Motion to Dismiss (Doc. No. 24).

1

## I.     THE PARTIES

2      1.   Plaintiff Kephart is a company organized under the laws of Arizona with a principal place

3   of business located in Prescott, Arizona.

4      2.   On information and belief, Defendant is a corporation organized and existing under the laws

5   of the Virgin Islands that maintains a regular and established place of business at 1900 Camden

6   Ave., San Jose, CA 95124.  Defendant can be served with process at its established place of business,

7   its registered agent Alan Ataev, 1900 Camden Avenue, San Jose, California 95124,  at its place of

8   business, or anywhere else it can be found. On information and belief, Defendant sells and offers to

9   sell products and services throughout Texas, including in this judicial district, and introduces

10  products and services that perform infringing methods or processes into the stream of commerce

11  knowing that they would be sold in California and this judicial district.

12

## II.    JURISDICTION AND VENUE

13
14     3.   This Court has original subject-matter jurisdiction over the entire action pursuant to 28

15  U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to

16  patents, namely, 35 U.S.C. § 271.

17
18     4.   This Court has personal jurisdiction over Defendant because: (i) Defendant is present within

19  or has minimum contacts within the State of California and this judicial district; (ii) Defendant has

20  purposefully availed itself of the privileges of conducting business in the State of California and in

21  this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business

22  contacts and other activities in the State of California and in this judicial district.

23
24     5.   Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has

25  committed acts of infringement and has a regular and established place of business in this District.

26  Further, venue is proper because Defendant conducts substantial business in this forum, directly or

27  through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii)

28

1   regularly doing or soliciting business, engaging in other persistent courses of conduct and/or

2   deriving substantial revenue from goods and services provided to individuals in California and this

3   District.

4       **III.    COUNT I - Infringement of the '677 Patent**

5       6.  On July 29, 2014, U.S. Patent No. 8,792,677 (included as Exhibit A) entitled "Large Venue

6

7   Security Method" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff

8   owns the '677 patent by assignment.

9       7.  The '677 patent relates to methods and systems for comparing captured license plate images

10  to a database of license plate data for persons of interest and alerting security personnel.

11      8.  Defendant maintains, operates, and administers devices/products, methods, systems, and

12  processor-readable media that infringe one or more claims of the '677 patent, including one or more

13  of claims 1-20, literally or under the doctrine of equivalents. Defendant put the inventions claimed

14  by the '677 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions

15  embodiments involving Defendant's products and services would never have been put into service.

16  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to

17  perform, and Defendant's procurement of monetary and commercial benefit from it.

18      9.  The claimed technology of the '677 patent relates generally to devices/products, methods,

19  systems, and processor-readable media for comparing captured facial images to a database of facial

20  data for persons of interest for reducing violence.  Embodiments of the claimed invention provide

21  numerous benefits over the prior art, including, but not limited to, proactive prevention of violence

22  at large venues.  As well, the patent specification provides that such notifications were not possible

23  prior to the claimed invention, instead security at large venues have relied upon reactive tactics,

24  simply responding after a security event has taken place. Further, embodiments of the invention

25  provide an improved and efficient approach for scanning the facial image of everyone entering a

large venue and comparing the scanned images to the images of known miscreants and when a match is found alerting security personnel.

10.  Support for the allegations of infringement may be found in the preliminary exemplary table attached as Exhibit B.  These allegations of infringement are preliminary and are therefore subject to change.

11. Axxon has and continues to induce infringement. Axxon has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services and related services that provide methods and systems/products for comparing captured facial images to a database of facial data for persons of interest and alerting security personnel such as to cause infringement of one or more of claims 1–20 of the '677 patent, literally or under the doctrine of equivalents.

12. Axxon has and continues to contributorily infringe. Axxon has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services and related services that provide methods and systems/products for comparing captured facial images to a database of facial data for persons of interest and alerting security personnel such as to cause infringement of one or more of claims 1–20 of the '677 patent, literally or under the doctrine of equivalents.  The components marketed and sold by Axxon do not have any substantial non-infringing uses.

13. Axxon has caused and will continue to cause Kephart damage by direct and indirect infringement of (including inducing infringement of) the claims of the '677 patent.

**IV.    COUNT 2 - INFRINGEMENT - Infringement of the '849 Patent**

14. On April 2, 2019, U.S. Patent No. 10,248,849 (included as Exhibit C) entitled "Technique for Providing Security to an Area" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '849 patent by assignment.

15. The '849 patent relates to methods and systems for comparing captured facial images to a database of facial data for persons of interest.

16. Defendant maintains, operates, and administers systems, products, and services in the field of comparing captured facial images to a database of facial data that infringes one or more of claims of the '849 patent, including one or more of claims 1-23, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '849 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

17. The claimed technology of the '849 patent relates generally to devices/products, methods, systems, and processor-readable media for comparing captured facial images to a database of facial data for persons of interest. Embodiments of the claimed invention provide numerous benefits over the prior art, including, but not limited to, proactive prevention of violence at large venues. As well, the patent specification provides that such notifications were not possible prior to the claimed invention, instead security at large venues have relied upon reactive tactics, simply responding after a security event has taken place. Further, embodiments of the invention provide an improved and efficient approach for scanning the facial image of everyone entering a large venue and comparing the scanned images to the images of known miscreants and when a match is found alerting security personnel.

18. Support for the allegations of infringement may be found in the preliminary exemplary table attached as Exhibit D. These allegations of infringement are preliminary and are therefore subject to change.

19. Axxon has and continues to induce infringement. Axxon has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services and related services that provide methods and systems/products for comparing captured facial images to a database of facial data for persons of interest and alerting security personnel such as to cause infringement of one or more of claims 1–23 of the '849 patent, literally or under the doctrine of equivalents.

20. Axxon has and continues to contributorily infringe. Axxon has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services and related services that provide methods and systems/products for comparing captured facial images to a database of facial data for persons of interest and alerting security personnel such as to cause infringement of one or more of claims 1–23 of the '849 patent, literally or under the doctrine of equivalents.  The components marketed and sold by Axxon do not have any substantial non-infringing uses.

21. Axxon has caused and will continue to cause Kephart damage by direct and indirect infringement of (including inducing infringement of) the claims of the '849 patent.

## V.     CONDITIONS PRECEDENT

22.     Plaintiff has never sold a product.  Upon information and belief, Plaintiff predecessors-in-interest have never sold a product.  Plaintiff is a non-practicing entity, with no products to mark.  Plaintiff has pled all statutory requirements to obtain pre-suit damages.  Further, all conditions precedent to recovery are met.  Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

23.     Plaintiff and its predecessors-in-interest have entered into settlement licenses with several defendant entities, but none of the settlement licenses were to produce a patented article, for

or under the Plaintiff's patents. Duties of confidentiality prevent disclosure of settlement licenses and their terms in this pleading but discovery will show that Plaintiff and its predecessors-in-interest have substantially complied with Section 287(a). Furthermore, each of the defendant entities in the settlement licenses did not agree that they were infringing any of Plaintiff's patents, including the Patents-in-Suit, and thus were not entering into the settlement license to produce a patented article for Plaintiff or under its patents.  Further, to the extent necessary, Plaintiff has limited its claims of infringement to method claims and thereby remove any requirement for marking.

24.    To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the Patents-in-suit and that Plaintiff has substantially complied with the marking statute.  Defendant has failed to identify any alleged patented article for which Section 287(a) would apply.  Further, Defendant has failed to allege any defendant entity produce a patented article.

25.    The policy of §287 serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding    the    public    to    identify    whether    an    article    is    patented. These policy considerations are advanced when parties are allowed to freely settle cases without admitting infringement and thus not require marking.  All settlement licenses were to end litigation and thus the policies of §287 are not violated.  Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.

26.    For each previous settlement license, Plaintiff understood that (1) the settlement license was the end of litigation between the defendant entity and Plaintiff and was not a license where the defendant entity was looking to sell a product under any of Plaintiff's patents; (2) the settlement license was entered into to terminate litigation and prevent future litigation between

Plaintiff and defendant entity for patent infringement; (3) defendant entity did not believe it produced any product that could be considered a patentable article under 35 U.S.C. §287; and, (4) Plaintiff believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license.

27. Each settlement license that was entered into between the defendant entity and Plaintiff was negotiated in the face of continued litigation and while Plaintiff believes there was infringement, no defendant entity agreed that it was infringing.  Thus, each prior settlement license reflected a desire to end litigation and as such the policies of §287 are not violated.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.    enter judgment that Defendant has infringed the claims of the Patents-in-Suit;

b.    award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.    award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.    declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e.    provided discovery reveals that Defendant knew (1) knew of the patent-in-suit prior to the filing date of the lawsuit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent, declare Defendants' infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage

1    award pursuant to 35 U.S.C. § 284;

2    f.    a decree addressing future infringement that either (if) awards a permanent injunction

3          enjoining Defendant and its agents, servants, employees, affiliates, divisions, and

4          subsidiaries, and those in association with Defendant from infringing the claims of the

5          Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in

6          an amount consistent with the fact that for future infringement the Defendant will be an

7          adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the

8          future infringement will be willful as a matter of law; and

10   award Plaintiff such other and further relief as this Court deems just and proper.

11   **VII.    JURY DEMAND**

12   Kephart hereby requests a trial by jury on issues so triable by right.

14   Dated: March 6, 2025      Respectfully submitted,

16                                  */s/ Jennifer L. Ishimoto*
                                    Jennifer L. Ishimoto (SBN 211845)
17                                  Banie & Ishimoto LLP
                                    2100 Geng Road, Ste 210
18                                  Palo Alto, CA 94303
                                    408-981-9472
19                                  Email: ishimoto@banishlaw.com

21                                  William P. Ramey, III *(pro hac vice)*
                                    Ramey LLP
22                                  5020 Montrose Blvd., Suite 800
                                    Houston, Texas 77006
23                                  (713) 426-3923
                                    wramey@rameyfirm.com

26                                  ***Attorneys for Plaintiff***
                                    ***Kephart Consulting, LLC***

1

## <u>DEMAND FOR JURY TRIAL</u>

2    Plaintiff hereby requests a trial by jury on issues so triable by right.

3

4

5    Dated: March 6, 2025        Respectfully submitted,

6

7                                        */s/ Jennifer L. Ishimoto*
                                         Jennifer L. Ishimoto (SBN 211845)
8                                        Banie & Ishimoto LLP
                                         2100 Geng Road, Ste 210
9                                        Palo Alto, CA 94303
                                         408-981-9472
10                                       Email: ishimoto@banishlaw.com

11                                       William P. Ramey, III *(pro hac vice)*
12                                       Ramey LLP
                                         5020 Montrose Blvd., Suite 800
13                                       Houston, Texas 77006
                                         (713) 426-3923
14                                       wramey@rameyfirm.com

15

16                                       *Attorneys for Plaintiff*
17                                       *Kephart Consulting, LLC*

18

19

20

21

22

23

24

25

26

27

28